**William Wayne MARTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 2–86–110–CR.**

Court of Appeals of Texas,
Fort Worth.

April 6, 1989.

---

McMillan & Lewellen, Gary Lewellen, Stephenville, for appellant.

Richard Hattox, Dist. Atty., Granbury, for appellee.

Before WEAVER, C.J., and JOE SPURLOCK, II and KELTNER, JJ.

### OPINION ON REMAND

WEAVER, Chief Justice.

Appellant, William Wayne Martin, was convicted by a jury of murder. *See* TEX. PENAL CODE ANN. sec. 19.02(a)(1) (Vernon 1989). The jury sentenced him to ninety-nine years in the Texas Department of Corrections. This court affirmed the conviction. *Martin v. State,* 732 S.W.2d 743 (Tex.App.—Fort Worth 1987). The court of criminal appeals vacated the cause and remanded it to this court for a harm analysis under TEX.R.APP.P. 81(b)(2). *Martin v. State,* 760 S.W.2d 662 (Tex.Crim.App. 1988) (per curiam).

We reverse and remand for a new trial on punishment only.

The issue in this case is whether appellant was harmed by parole and good time instructions given pursuant to TEX.CODE CRIM.PROC.ANN. art. 37.07, sec. 4(a) (Vernon Supp.1989). Recently the court of criminal appeals held these instructions to be unconstitutional because they violated the separation of powers doctrine and the state due course of law provision. *Rose v. State,* 752 S.W.2d 529, 535–37 (Tex.Crim. App.1987). On its own motion for rehearing the court of criminal appeals determined that the standard of harm used on review of cases containing the erroneous parole instructions was the reasonable doubt test of rule 81(b)(2). *Id.* at 553 (opinion on reh'g). This rule reads:

(2) *Criminal Cases.* If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

TEX.R.APP.P. 81(b)(2).

The charge given to the jury tracked substantially TEX.CODE CRIM.PROC. ANN. art. 37.07, sec. 4(a). However, this charge failed to add the additional limiting instruction that was present in *Rose. Rose,* 752 S.W.2d at 554 (opinion on reh'g). Further, in his argument at the punishment phase the prosecutor specifically mentioned the parole instructions. The jury even sent out a note which asked the judge whether appellant would have to pay a fine before he could get parole—a clear indication that the jury considered the parole instructions.

The victim of the murder died a year after appellant allegedly dragged him behind a motorcycle with a rope around his neck and hit him in the head with a machete. Appellant had no prior felony convictions, though several witnesses testified that he had a bad reputation for being a "dangerous and violent" person. The jury awarded a sentence of ninety-nine years, the maximum available for a noncapital murder charge. *See* TEX.PENAL CODE ANN. sec. 12.32 (Vernon Supp.1989). Given all the facts and circumstances of this case we are unable to find beyond a reasonable doubt that the erroneous parole and good time instructions made no contribution to the punishment.

Accordingly, the judgment of the trial court is reversed, and the cause is remanded for a new trial on punishment only. *See* TEX.CODE CRIM.PROC.ANN. art. 44.29(b) (Vernon Supp.1989).