Reversed and Remanded and Opinion filed March 31, 2009








Reversed and
Remanded and Opinion filed
March 31, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00004-CR

____________

 

WAYLAND MATTHEW FOX, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause No. 1137885

 



 

O P I N I O N

Appellant,
Wayland Matthew Fox, appeals his conviction for indecency with a child by
contact for which he was sentenced to ten years in prison.  Appellant
challenges the conviction on the grounds that the trial court: (1) erroneously
excluded portions of the complaining witness=s testimony read back to the jury in
response to an article 36.28 request; (2) abused its discretion in admitting
character conformity evidence; (3) erroneously allowed three State witnesses to
comment on the complaining witness=s credibility and the truthfulness of
his testimony; and (4) erroneously instructed the jury.  We reverse the trial
court=s judgment and remand the case for a
new trial.








I. 
BACKGROUND[1]

Appellant
was charged with indecency with a child by contact based on allegations made by
the complaining witness, who is appellant=s former step-son from appellant=s marriage with the complaining
witness=s mother, Lynda Torrey.  The
complaining witness alleged that appellant improperly touched him on two
specific occasions when the complaining witness was in elementary school.  The
complaining witness did not make an outcry at or around the time in which the
alleged incidents occurred.  He first spoke about the incidents when he was 14
years old and in high school.  

Specifically,
the complaining witness told a motivational speaker at his high school that
appellant had improperly touched him when he was younger.  The motivational
speaker gave a presentation at the complaining witness=s high school and encouraged the
students to disclose any past disheartening experiences they had suffered. The
speaker handed out a number of gifts during the seminar, including books,
shoes, and other clothing.  After the presentation, the complaining witness
approached the speaker and told him that appellant had improperly touched him
as a child.  After the complaining witness=s outcry, the motivational speaker
gave the complaining witness clothes and two pairs of shoes.  Thereafter, an
investigation into the complaining witness=s allegations ensued, and appellant
was ultimately charged by indictment with indecency with a child by contact. 
Appellant denied the complaining witness=s allegations and pleaded not
guilty.  A jury ultimately convicted appellant of the indecency with a child by
contact and sentenced him to 10 years in prison.       In seven issues,
appellant argues that the trial court: (1) improperly excluded portions of the
complaining witness=s testimony to be read back to the jury in response to an
article 36.28 request; (2) abused its discretion in admitting character
conformity evidence; (3) improperly allowed three State witnesses to comment on
the complaining witness=s credibility and the truthfulness of his testimony; and (4)
erroneously instructed the jury.  








II. 
TESTIMONY READ BACK TO THE JURY UNDER ARTICLE 36.28

In
appellant=s first issue, he argues that the trial court erred by not allowing a
portion of the complaining witness=s testimony to be read back to the
jury during deliberations.  If jurors disagree about the testimony of any
witness, the jury may apply to the trial court to have the disputed testimony
read back to them.  Tex. Code Crim. Proc. art. 36.28; Arnold v. State,
234 S.W.3d 664, 676 (Tex. App.CHouston [14th Dist.] 2007, no pet.).  Upon such request, the
trial court is first required to determine if the jury=s inquiry is proper under article
36.28 of the Texas Code of Criminal Procedure.  See Tex. Code Crim.
Proc. art. 36.28 (Aif the jury disagree as to the statement of any witness they
may, upon applying to the court, have read to them . . . that part of such
witness testimony or the particular point in dispute . . . .@); see also Brown v. State,
870 S.W.2d 53, 55 (Tex. Crim. App. 1994).  If it is proper, the trial court
must then interpret the communication, decide what sections of the testimony
will best answer the inquiry, then limit the rereading accordingly.  Brown,
870 S.W.2d at 55.  We will not disturb the trial court=s decision absent a clear abuse of
discretion and a showing of harm.  Id.; Jones v. State, 706
S.W.2d 664, 668 (Tex. Crim. App. 1986).  

A. 
Statements in Dispute

In this
case, the jury disagreed as to the complaining witness=s statements detailing his
recollection of what happened during the two incidents of abuse.  The
complaining witness testified that appellant improperly touched him on two distinct
occasions.  On direct examination, the complaining witness testified that the
first incident occurred when he was in his bedroom playing with his toy Legos. 
The complaining witness testified that appellant entered the bedroom as he was
playing and told him to take off his clothes.  The complaining witness complied
and removed his shirt and pulled his pants down.  Appellant then placed the
complaining witness on the bed and rubbed his penis on the complaining witness=s back.  With respect to the second
incident, the complaining witness testified that he was in his bedroom playing
with a toy Mr. Potatohead when appellant entered the room and repeated the
sexual act appellant performed in first incident. 








On
cross-examination, the complaining witness restated the events that transpired
during the two incidents of abuse and further stated that in addition to
appellant=s rubbing his penis on the complaining witness=s back, appellant touched him in his Aprivate area.@  While the complaining witness
recalled these events, he indicated to defense counsel that he had possibly
told Leticia Lechuga, a crisis intervention advocate, that the incidents
occurred in appellant=s bedroom.  The complaining witness further testified that he
told a counselor that appellant made him take off only his shirt, not both his
shirt and pants as he stated during direct examination.   

B. Jury=s Request For Testimony Under Article
36.28

On the
first day of deliberations, the jury sent the following note to the trial
court: AWe are currently split on a decision
and see we will have significant difficulties at this time in reaching a
unanimous verdict.  Please offer your comments or directions.@ The trial court instructed the jury
to continue deliberating.  About an hour and forty minutes later, the jury
requested to read a portion of the complaining witness=s trial testimony.  The trial court
told the jury to specify which portion of the testimony was in dispute, and in
response, the jury completed a template form provided to them by the trial
court, which read in pertinent part: 

ATTORNEY
EXAMINING THE WITNESS AT THE TIME OF SAID STATEMENT IN DISPUTE: Wood[2]  
                 

WITNESS:     [complaining witness]             

DIRECT
EXAMINATION OR CROSS EXAMINATION: Direct           

STATEMENT
IN DISPUTE. [complaining witness=s] description of the abuse, what           he saw, and where he
went to [sic]       









With
this request, the trial court chose to read a portion of the State=s direct examination wherein the
complaining witness described the two incidents of abuse when he was playing
with his toys in his bedroom. Appellant unsuccessfully requested that the
cross-examination on the same subject matter also be provided to the jury. 
Appellant complains that the trial court should have also included in the
reading portions of the complaining witness=s cross-examination testimony
touching upon the same statements in dispute.  Specifically, appellant first
contends that on cross-examination, the complaining witness testified that he
described to a crisis counselor incidents occurring in appellant=s bedroom; this cross-examination
statement contradicts the complaining witness=s earlier direct examination
testimony that the abuse occurred in his room, not appellant=s bedroom.  Next, appellant contends
that the complaining witness testified on cross-examination that he told a
counselor he took off only his shirt during the incidents, which again
contradicts his testimony on direct examination that he removed both his
shirt and pants.  Additionally, appellant argues that the complaining witness
provided new testimony on cross-examination that described the incidents of
abuse, namely, that appellant touched the complaining witness in his Aprivate part@; this particular statement was not
made during the complaining witness=s direct examination testimony.  In
response, the State contends that the additional cross-examination testimony
exceeds the scope of the jury=s request because the jury did not petition for statements
made by the complaining witness to crisis counselors and other third
parties.    

C. 
Scope of Jury=s Request








The jury=s request reflects that they wanted
to know the complaining witness=s recollection of what he saw, where he went, and his
description of the abuse.  A reading of the State=s direct examination alone did not
fully answer that question because several portions of the complaining witness=s cross-examination testimony
commented on where the complaining witness said he went and what he said he
saw.  Although the complaining witness testified on cross-examination that he
told the CAC counselor that the abuse occurred in appellant=s bedroom and took off only his
shirt, these statements undoubtedly touched upon the complaining witness=s recollection of what he saw and
where he went during the incidents.  Because the jury requested testimony in
which the complaining witness described what happened, what he saw, and where
he went, appellant=s cross-examination proffer was responsive to the jury=s request.[3] 
Therefore, we conclude that the trial court erred in refusing to allow these
portions to be read to the jury.  See Jones, 706 S.W.2d at 668 (holding
that the trial court abused its discretion by failing to have cross-examination
testimony related to the disputed issue read to the jury).   We must next
conduct a harm analysis.  See id.; Brown, 870 S.W.2d at 55.  Any
error that does not affect the substantial right of appellant must be
disregarded.  See Tex. R. App. P. 44.2.  








Two of
our sister courts have held that error under article 36.28 is harmless where
there is no variance between the direct testimony and cross-examination.  See
Phelps v. State, No. 01-89-00235-CR, 1990 WL 24898, * 3B4 (Tex. App.CHouston [1st Dist.] Mar. 8, 1990, no
pet.) (not designated for publication); Martin v. State, 732 S.W.2d 743,
747 (Tex. App.CFort Worth 1987), vacated on other grounds, 760 S.W.2d 662 (Tex.
Crim. App. 1988).   Here, the cross-examination elicited statements that
contradicted the complaining witness=s prior statements on direct.  The
State primarily established its case through the complaining witness=s testimony and his allegations
against appellant.  Because appellant denied the complaining witness=s allegations, and there was no other
evidence corroborating the complaining witness=s allegations against appellant,
credibility was vital to the jury=s decision.  Therefore, the
conflicting statements were highly probative of appellant=s guilt.  Because the statements
elicited by defense counsel on cross-examination varied from the statements
made on direct examination and the conflicting statements were highly probative
of appellant=s guilt, the trial court=s error is harmful.  See Jones, 706 S.W.2d at 668; Phelps,
1990 WL 24898, at *3B4; Martin, 732 S.W.2d at 747.  We sustain appellant=s first issue. 

III. 
CHARACTER CONFORMITY EVIDENCE

In
issues three through six, appellant challenges the admission of character
conformity evidence under rules of evidence 401-404.  Appellant complains that
the trial court erroneously admitted evidence that: (1) he experimented with
cross-dressing; (2) his sons engaged in abnormally deviant and aggressive
behavior when appellant was married to Torrey; (3) he was sexually abused as a
child; and (4) he had a teenage homosexual experience.  








Extraneous-acts
evidence is admissible if it is relevant to a fact of consequence in the case,
and the probative value of the evidence is not substantially outweighed by
unfair prejudice.  Martin v. State, 173 S.W.3d 463, 467 (Tex. Crim. App.
2005). Evidence is relevant if it has Aany tendency to make the existence of
any fact that is of consequence to the determination of the action more
probable or less probable than it would be without the evidence.@  Tex. R. Evid. 401.  Evidence of Aother crimes, wrongs or acts is not
admissible to prove the character of a person in order to show action in conformity
therewith.@  Tex. R. Evid. 404(b).  Character conformity evidence is inadmissible
that has no relevance beyond a tendency to show the defendant is a bad person
or of a character from whom criminal conduct might be expected.  Casey v.
State, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007); Bargas v. State,
252, S.W.3d 876, 890 (Tex. App.CHouston [14th Dist.] 2008, no pet.).  However, evidence of
extraneous crimes, wrongs or acts is admissible under rule 404(b) if it tends
in logic and common experience to serve some purpose other than character
conformity to make the existence of a fact of consequence more or less probable
than it would be without the evidence.  Montgomery v. State, 810 S.W.2d
372, 387 (Tex. Crim. App. 1990) (op. on reh=g); Webb v. State, 36 S.W.3d
164, 180 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  Rule 404(b) also provides that
extraneous-acts evidence may Abe admissible for other purposes, such as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of
mistake or accident.@  Tex. R. Evid. 404(b).  This list is illustrative rather
than exhaustive.  Johnston v. State, 145 S.W.3d 215, 219 (Tex. Crim.
App. 2004).  Extraneous-acts evidence may also be admissible to rebut a
defensive theory.  Moses v. State, 105 S.W.3d 622, 626 (Tex. Crim. App.
2003).  

If a
trial court determines that uncharged misconduct evidence is not barred under
rule 404(b), it may still be inadmissible under rule 403.  Relevant evidence is
properly excluded under rule 403 when its probative value is substantially
outweighed by the danger of unfair prejudice.  Tex. R. Evid. 403. Courts should
balance the following factors under a rule 403 analysis: (1) the strength of
the evidence in making a fact more or less probable; (2) the potential of the
extraneous offense evidence to impress the jury in some irrational but
indelible way; (3) the amount of time the proponent needed to develop the
evidence; and (4) the strength of the proponent=s need for this evidence to prove a
fact of consequence.  Mozon v. State, 991 S.W.2d 841, 847 (Tex. Crim.
App. 1999); Bargas, 252 S.W.3d at 892B93.  

Whether
extraneous-acts evidence has relevance apart from character conformity is a
question for the trial court.  Montgomery, 810 S.W.2d at 391.  The trial
court must conclude that the evidence tends in logic and common experience to
serve some purpose other than character conformity to make the existence of a
fact of consequence more or less probable than it would be without the
evidence.  Id.   We review the trial court=s ruling under an abuse of discretion
standard and will not disturb the ruling if it is within the zone of reasonable
disagreement.  Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim. App.
2001).

A. 
Cross-Dressing Evidence








In his
third issue, appellant contends that the trial court erred in admitting
evidence of his cross-dressing.  At trial, Torrey testified that during her
marriage with appellant, he admitted to being a cross-dresser and, on one
particular occasion, appellant entered their bedroom dressed in ladies intimate
apparel.  The State, over appellant=s objection, was also permitted to
question three defense witnesses as to whether they knew that appellant
experimented with cross-dressing.  Appellant argues that (1) he did not receive
proper notice under rule 404(b) of the State=s intent to offer this particular
extraneous-acts evidence; and (2)  the evidence had no relevance or purpose
except to show character conformity and to prejudice the jury by branding him a
cross-dresser.  In response, the State argues that evidence of cross-dressing
is not considered a bad or wrong act under 404(b).  We reject this argument. 
The plain language of rule 404(b) provides that evidence of other crimes,
wrongs, or acts is not admissible to show character conformity.  See
Tex. R. Evid. 404(b).  The objectionable evidence need not be a bad or wrongful
act or a crime punishable by statute.  The act of cross-dressing constitutes Aother acts@ under rule 404(b).  See id. 

The
State furhter maintains that the cross-dressing evidence was admissible because
appellant Aopened the door as to why the couple divorced.@ According to the State, the trial
court properly admitted the cross-dressing evidence because  it Aprovided a full and complete picture
of the family dynamics@ at the time of the offense.  The State contends that the
following line of questioning opened the door to the cross-dressing evidence: 

Defense Counsel:      . . . [P]eople have problems
leading up to a divorce.  Could the fact that there=s friction in the marriage have affected [the
complaining witness]?

Torrey:                       I=m certain there was a lot of friction because of
certain situations that were going on.

Defense Counsel:      That can have an affect on a
kid, though, can=t it?

Torrey:                       Absolutely.

Defense Counsel:      But in any event, you guys ended
up getting divorced.  And the -- in terms of that friction, that could also
have an affect on [the complaining witness] to be upset or angry with
[appellant]? Could that be an explanation for it?

Torrey:                       That could be a
possibility.  I don=t know.

 .      .      . 








Torrey:                       The divorce was final in
2002, in February of 2002.

.       .      . 

Defense Counsel:      . . . It wouldn=t make any sense for [the complaining witness] to see
[appellant] after the divorce, would it?

Torrey:                       No.

Defense Counsel:      Do you recall a time after the
divorce when [the complaining witness] visited [appellant] and you learned
another woman had moved in with [appellant]?

.      .     .

Torrey:                                   Yes. 

.      .     . 

Defense Counsel:      Well, after that, [the
complaining witness] never went back over, right?

Torrey:                       No, he
did not. 

We are
not persuaded by the State=s argument that this line of questioning opened the door to
appellant=s extraneous act of cross-dressing. The questions posed to Torrey neither
sought to elicit information concerning the grounds for the couple=s divorce nor created a false impression
as to the reasons that the couple divorced.  Appellant simply elicited
information as to whether the divorce itself, coupled with the Afriction@ that accompanies a divorce, possibly
upset the complaining witness.  Appellant=s questions regarding the divorce did
not create a false impression warranting the admission of the cross-dressing
evidence. 








Moreover,
we have examined the purposes for which a trial court may admit character
conformity evidence under rule 404(b) including opportunity, intent,
preparation, plan, knowledge, identity, and absence of mistake or accident.   See
Tex. R. Evid. 404(b).  These purposes were not material issues in the
case.  Compare Samet v. State, No. 12-07-00129-CR, 2008 WL 2600189, at
*4B5 (Tex. App.CTyler July 2, 2008, pet. ref=d) (mem. op., not designated for
publication) (reasoning that appellant=s habit of wearing a dress while
committing extraneous sexual abuse offenses against children was the defendant=s signature and a distinctive sign or
mark that served to identify the defendant).   The cross-dressing evidence had
no relevance beyond demonstrating that appellant occasionally dressed in women=s clothing.  This extraneous evidence
could not assist the jury in its determination of whether appellant sexually
assaulted the complaining witness.  See Webb, 36 S.W.3d at 180B181 (reasoning that an extraneous
offense must be relevant to a Afact of consequence@ in the case).  The cross-dressing
evidence had no relevance to any fact of consequence apart from its tendency to
prove conduct in conformity with character.  See id.  Because the trial
court and the State have failed to identify a reason for admitting the
cross-dressing evidence and our independent review of the record reveals none,
we find that the trial court abused its discretion by admitting this character
conformity evidence.[4] 

B. 
Conduct of Appellant=s Sons








Additionally,
appellant argues in his fourth and fifth issues that the trial court erred in
admitting third-party evidence of his sons= behavior during his marriage with
Torrey.  Torrey, over appellant=s objection, testified that (1) appellant=s sons drilled holes in the walls
between the bedrooms during the couple=s marriage to secretly watch Torrey
in her bedroom; (2) appellant=s son peeped in her bedroom window; (3) appellant=s son took a private photograph of
Torrey giving birth to the complaining witness; and (4) appellant=s sons hit appellant.  The State was
further permitted to elicit similar evidence in its cross-examination of
appellant.  Appellant contends that admission of his sons= conduct was in violation of rules
401-404(b) because the State failed to give timely notice of its intent to
introduce the evidence, and such evidence is irrelevant character conformity
evidence.  See Tex. R. Evid. 401B404(b).  The State argues that
appellant waived this issue for appellate review because he objected only to
the cross-dressing evidence, not evidence of his sons= conduct during the marriage.  

  When a
party attempts to adduce evidence of extraneous acts, the opponent of that
evidence must specifically object to the evidence in a timely fashion to
preserve error on appeal.  See Tex. R. App. P. 33.1(a)(1)(A); Montgomery,
810 S.W.2d at 387.  Here, the trial court considered the admissibility of the
cross-dressing evidence and the third-party evidence regarding his sons outside
the presence of the jury.  The trial court determined that both pieces of
extraneous-acts evidence were admissible.  Appellant immediately lodged an
objection, but only as to the cross-dressing evidence.  He did not object to
the extraneous-acts of his sons.  Specifically, appellant urged, AOn that point, on the cross-dressing
point, I would object.@    Appellant=s objection did not preserve error with respect to the
extraneous acts of his sons.  See Tex. R. App. P. 33.1(a)(1)(A). 
Shortly thereafter, the State introduced evidence of appellant=s cross-dressing and the sons= acts in the presence of the jury. 
Appellant objected, asserting the Asame objection, so the record is
clear on that.@  Because the record does not reflect any objection at trial with respect
to the aggressive nature of appellant=s sons, we cannot review it on
appeal.[5]  See
Tex. R. App. P. 33.1(a)(1)(A).  We dismiss appellant=s fourth and fifth issues.

C. 
Appellant=s Childhood Abuse and Teenage
Homosexual Experience








In his
sixth issue, appellant challenges the admission of two additional extraneous
acts: (1) evidence of a childhood incident in which an adult male attempted to
sexually abuse appellant and (2) evidence of appellant=s teenage homosexual experience.  The
State, in response, argues that appellant was not harmed by the trial court=s admission of this evidence. 
Accordingly, we proceed to the harm analysis and determine the harmful nature
of the trial court=s admitting this evidence and as well as evidence of
appellant=s cross-dressing.  

D. 
Harm Analysis on Inadmissible Character Conformity Evidence

Error in
the admission of evidence of an extraneous offense constitutes a
nonconstitutional error.  Boyd v. State, 899 S.W.2d 371, 375B76 (Tex. App.CHouston [14th Dist.] 1995, no writ).
We disregard nonconstitutional error that does not affect the substantial
rights of the defendant.  Tex. R. App. R. 44.2(b).  A substantial right is
affected when the error had a substantial and injurious effect or influence in
determining the jury=s verdict.  Haley v. State, 173 S.W.3d 510, 518 (Tex.
Crim. App. 2005).  If the error had no or only a slight influence on the
verdict, the error is harmless.  Johnson v. State, 967 S.W.2d 410, 417
(Tex. Crim. App. 1998).  In determining whether error had a substantial and
injurious effect or influence on the verdict, we must review the error in
relation to the entire proceeding.  Haley, 173 S.W.3d at 518.  If the
reviewing court is unsure whether the error affected the outcome, that court
should treat the error as harmful.  Webb, 36 S.W.3d at 183.            








Looking
at the entire proceeding, we conclude that the erroneously admitted evidence of
appellant=s cross-dressing, his teenage homosexual experience, and evidence of
being sexually abused as a child had a substantial and injurious affect on the
jury=s verdict.  Torrey=s testimony of appellant=s cross-dressing and evidence of
appellant=s teenage homosexual experience and being a child victim of sexual abuse
undoubtedly had more than a slight effect upon the jury=s decision.  The jury heard Torrey=s details of appellant dressing
himself in a woman=s neglige.    Furthermore, the State commented on appellant=s cross-dressing when examining three
additional witnesses.  In its closing arguments, the State again reminded the
jury of appellant=s cross-dressing and told jurors that they could consider
appellant=s cross-dressing Abecause that=s something you know about [appellant] and what he is and his
background that brings him to today.@  Additionally, appellant=s teenage homosexual experience and
being victimized sexually as a child were inherently inflammatory.  See
Bishop v. State, 869 S.W.2d 342, 346 (Tex. Crim. App. 1993) (linking
appellant to extraneous sexual acts that are considered improper, immoral, and
highly offensive by segments of the population can unduly prejudice jurors). 
One of the State=s tactics was to generally portray appellant as a deviant
personality.  With this deviant-personality evidence, it was but a small leap
for the jury to believe that he committed the crime with which he was charged. 
Likewise, previous homosexual activity would suggest to the jury the likelihood
of guilt.

The
record reflects that the extraneous acts involving appellant had a substantial
and injurious affect on the jury=s verdict.  On the first day of
deliberations, the jury indicated that there were Asplit on a decision@ and believed that they would Ahave significant difficulties@ in reaching a unanimous verdict.@   Jurors also disputed the
complaining witness=s recollection of the abuse.  In light of these facts, we
have grave doubts that the trial court=s error in allowing evidence of the
extraneous acts involving appellant did not affect the outcome.  Therefore, we
must treat the error as having a substantial and injurious effect upon the jury=s verdict.  Accordingly, we find that
the trial court=s error is harmful and reversible.  We sustain appellant=s third and sixth issues.  

Having found reversible error on issues one, three,
and six, we need not address appellant=s
remaining issues.  We reverse the trial court=s judgment and remand this case for a new trial.

 

 

/s/        Adele Hedges

Chief Justice

 

Panel consists of Chief Justice
Hedges and Justices Anderson and Seymore.

Publish C Tex.
R. App. P. 47.2(b).

 









[1]  Appellant does not challenge the sufficiency of the
evidence supporting his conviction.  Therefore, we discuss the facts briefly
here and throughout the opinion as necessary to address his issues on appeal.





[2]  Wood represented the State of Texas at trial.





[3]  The fact that the jury requested the prosecutor=s examination does not affect our disposition.  See
Jones, 706 S.W.2d 664.  In Jones, the defendant was charged with
aggravated assault.  He denied the State=s
allegations, and at trial, he asserted a self-defense claim.  One key piece of
evidence in the case was the testimony of an eye-witness.   On direct
examination, the eye witness testified that the victim stepped back before he
shot, but on cross-examination, he stated that the victim reached towards his
back pocket.  Id. at 665B66. These
statements were significant in light of the defendant=s self-defense claim.  While deliberating, the jury
asked to see the testimony of the eye witness.  Id. at 666. The trial
court instructed the jury to identify which attorney was conducting the
examination or the subject in dispute.  In response, the jury sent the
following request: AWe have a dispute as to whether or not [the eye
witness] testified that [the victim] made a threatening gesture, that is to
reach for his back pocket.  Send us court records from the DA=s questions.@  Id.
Defense counsel in Jones requested that all of the testimony, both
direct and cross-examination, be included in the reading.  Id. The trial
court refused and only the eye witness=s
direct examination was read to the jury.  Although the jury requested only the
prosecutor=s examination, the Court of Criminal Appeals held that
the trial court abused its discretion in refusing to read defense counsel=s cross-examination because there was a variance in
the statements made during direct and cross and that such error deprived the
defendant of a fair trial.  Id. at 667B68.  

Like Jones, the jury in this case
had a dispute as to a witness=s statements
and requested the prosecutor=s examination
of that particular witness.  Additionally, statements made during direct
examination varied from statements made during cross-examination.  Following Jones,
the jury=s request for Wood=s
examination in this case does not shift defense counsel=s cross-examination outside the scope of the jury=s request for the complaining witness=s testimony under article 36.28. 





[4]  Even if it could be validly argued that the
cross-dressing evidence had relevance apart from character conformity,
appellant also objected to the evidence on the basis of rule 403.  Rule 403
provides: AAlthough relevant evidence may be excluded if its
probative value is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury, or by consideration of undue
delay, or needless presentation of cumulative evidence.@  Tex. R. Evid. 403.  Considering the relevant
factors, we conclude that inherent prejudice of the cross-dressing evidence
weigh in favor of exclusion.  This extraneous-act evidence was not probative of
a fact of consequence and there was little, if any, need for the prosecutor to
use this evidence in presenting its case to the jury.  The danger of unfair
prejudice and the details of his cross-dressing were substantial. Because all
factors flow in favor of finding that the probativeness of the cross-dressing
evidence was substantially outweighed by the danger of unfair prejudice, we
conclude that the trial court abused its discretion in admitting the evidence
under rule 403 as well.





[5]  In the alternative, the State presents two
additional arguments: the evidence was admissible to rebut appellant=s testimony that appellant had a good relationship
with his sons, and the evidence is admissible to rebut appellant=s defensive theory that he lacked the intent to commit
the offense.  Having determined that appellant waived this point on appeal, we
do not reach the merits of these additional arguments.