Lozano 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-346-CR


NO. 3-92-347-CR


NO. 3-92-348-CR


NO. 3-92-349-CR


AND


NO. 3-92-350-CR





JIMMY JACK LOZANO,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NOS. 914643, 914644, 914645, 914646, 914647, 



HONORABLE TOM BLACKWELL, JUDGE PRESIDING 



 




 Appellant was charged with igniting a fire that killed four people and injured
another person. In five causes consolidated for a single trial, the district court found appellant
guilty of five acts of arson. Tex. Penal Code Ann. § 28.02(a) (West Supp. 1993). The court
assessed life imprisonment for each offense and ordered the sentences to run concurrently. 
Appellant raises three points of error. We will affirm the judgment of conviction in Cause No.
3-92-346-CR, but we will reverse the remaining four judgments of conviction and order dismissal
of the indictments in these causes.


BACKGROUND


 In five separate indictments, appellant was charged with crimes arising out of a fire
that killed four people and caused serious bodily injury to a fifth person. Each indictment alleged
that appellant used a lighter to ignite combustible material. The indictment in Cause No. 3-92-346-CR charged that appellant committed arson resulting in the bodily injury of the victim. (1)
 The
other four indictments charged appellant with the murder of four victims committed in the course
of arson. (2) The court granted the State's motion to consolidate the charges, and appellant pleaded
not guilty in each cause.

 In a bench trial, one witness testified that appellant knocked on the door of a house,
was told by the occupants to go away, walked around the house to a room at the back, then started
a fire with his lighter. Shortly thereafter, appellant departed, leaving the house ablaze. One
witness testified that appellant stated he burned the house because the people inside owed him
money. Four people inside the house died and one person was seriously burned.

 Under the indictments, the trial court could have found appellant guilty of four acts
of murder as well as the crime of arson. It did not. Instead, it found him guilty of arson in each
cause.



DISCUSSION


 In his third point of error, appellant complains that the trial court erred in finding
him guilty of five separate arson offenses. It is undisputed that the four deaths and the fifth
person's injuries all were caused by a single fire. Appellant argues that under section 28.02 of
the Penal Code, death or injury is not an element of arson giving rise to multiple offenses. 
Instead, he asserts, any number of deaths or bodily injuries only enhances arson from a second-degree felony to a first-degree felony. Tex. Penal Code Ann. § 28.02(d) (West Supp. 1993). Appellant's point of error raises double jeopardy concerns. The United States
Constitution provides that no person shall "be subject for the same offense to be twice put in
jeopardy of life or limb." U.S. Const. amend. V. Article I, section 14 of the Texas Constitution
provides similar protection. (3) The federal and state double jeopardy clauses protect an individual
against multiple prosecutions for the same offense after acquittal or conviction and against
multiple punishments for the same offense. Illinois v. Vitale, 447 U.S. 410, 415 (1980); Phillips
v. State, 787 S.W.2d 391, 393 (Tex. Crim. App. 1990). Both the United States Constitution and
the Texas Constitution speak of double jeopardy in terms of the "same offense" rather than the
"same transaction." Spradling v. State, 773 S.W.2d 553, 555-56 (Tex. Crim. App. 1989). 
Appellant complains he was convicted five times of the same offense, a single act of arson.

 The State first contends that appellant has "waived" any error relating to multiple
prosecutions, relying on Phillips, 787 S.W.2d at 393. Appellant did not object when the State
moved to consolidate the five indictments for one trial. As in Phillips, where the accused's
motion to consolidate was granted, appellant no longer has any complaint that he was exposed to
multiple prosecutions for the same offense, since he received only one trial. The court in Phillips,
however, went on to consider the merits of the accused's claim that multiple punishments had been
assessed for the same offense. Id. Here, appellant received multiple life sentences for what he
alleges was one offense. We reject the State's argument that appellant has only been punished
once because his sentences are merely concurrent. The State cites no authority for the proposition
that the double jeopardy clause distinguishes between concurrent and consecutive sentences of
imprisonment. We therefore reach the merits of appellant's argument.

 Double jeopardy does not bar multiple convictions where separate and distinct
offenses occur during the same transaction. Phillips, 787 S.W.2d at 394; Ex parte Rathmell, 717
S.W.2d 33, 35 (Tex. Crim. App. 1986); Jones v. State, 514 S.W.2d 255, 256 (Tex. Crim. App.
1974). In Rathmell, the accused drove his vehicle while intoxicated, causing an accident in which
two persons were killed. He was convicted of the involuntary manslaughter of one victim. When
the State attempted to obtain an additional conviction based upon another victim's death, the
accused sought to have the second indictment dismissed, claiming a second trial would expose him
to double jeopardy. The Court of Criminal Appeals determined that each individual death
constituted a separate and distinct offense and held that a second trial was not barred by double
jeopardy. Id. at 36.

 In Phillips, the defendant was convicted for the aggravated assault of two
individuals arising out of a single automobile collision. On appeal, he raised double jeopardy
objections. Citing Rathmell, the court held that his actions constituted two separate offenses
against two separate people. Id. at 394-95.

 The relevant involuntary manslaughter statute in Rathmell and the aggravated
assault statute in Phillips state in pertinent part:



(a) A person commits [involuntary manslaughter] if he:

 (1) recklessly causes the death of an individual; or

 (2) by accident or mistake when operating a motor vehicle, airplane,
helicopter, or boat while intoxicated and, by reason of such
intoxication, causes the death of an individual.



Tex. Penal Code Ann. § 19.05 (West 1989). 



(a) A person commits [aggravated assault] if the person commits assault as
defined in Section 22.01 of this code and the person:


 (1) causes serious bodily injury to another.



Tex. Penal Code Ann. § 22.02 (West 1989). The court held that these statutes clearly reflect that
the Legislature intended that the offenses of involuntary manslaughter and aggravated assault, both
offenses against the person, (4) are complete upon the death or assault of a single person. Phillips,
787 S.W.2d at 395; Rathmell, 717 S.W.2d at 35. Each individual death or assault constitutes a
complete and distinct offense and, as such, each offense constitutes a separate "allowable unit of
prosecution." Rathmell, 717 S.W.2d at 35 (quoting Sanabria v. United States, 437 U.S. 54
(1978)).

 In contrast, arson is an offense against property. (5) The Penal Code defines arson
as occurring when a person starts a fire or causes an explosion with intent to destroy or damage
property. Tex. Penal Code Ann. § 28.02(a). (6) An arson offense is complete when the fire is
started, not when bodily injury or death occurs as a result. Romo v. State, 593 S.W.2d 690, 693
(Tex. Crim. App. 1980). The occurrence of such damage is not an element to be proven. Id.;
Beltran v. State, 593 S.W.2d 688, 690 (Tex. Crim. App. 1980). When bodily injury or death
occurs as a result of arson, the statutory offense against property remains unaffected, although the
degree of the chargeable felony increases. Tex. Penal Code Ann. § 28.02(d).

 We hold that appellant committed a single offense, allowing a single unit of
prosecution, when he committed arson by setting a single house on fire. Appellant's constitutional
rights under the Double Jeopardy clauses of the United States and Texas constitutions protecting
him from multiple punishments for the same offense were violated by the multiple convictions for
first-degree arson. We sustain appellant's first point of error. (7)

 Appellant's second point of error attacks the sufficiency of the evidence in support
of the district court's finding that a deadly weapon was used in the commission of the offense. (8) 
The Penal Code defines a deadly weapon as:



(A) a firearm or anything manifestly designed, made, or adapted for the
purpose of inflicting death or serious bodily injury; or


(B) anything that in the manner of its use or intended use is capable of causing
death or serious bodily injury.



Tex. Penal Code Ann. § 1.07(a)(11) (West 1974). The district court found that appellant's
lighter, which he used to start the fire, constituted a deadly weapon. Although a lighter is not a
deadly weapon per se, it can qualify as such through the manner of its use and its capacity to
produce death or serious bodily injury. See Denham v. State, 574 S.W.2d 129, 130 (Tex. Crim.
App. 1978); McElroy v. State, 528 S.W.2d 831, 833-34 (Tex. Crim. App. 1975); Roberts v.
State, 766 S.W.2d 578, 579 (Tex. App.--Austin 1989, no pet.). Injury or wounds inflicted upon
a person are factors to consider in addition to the manner of use in determining whether an object
qualifies as a deadly weapon. Quintana v. State, 777 S.W.2d 474, 478 (Tex. App.--Corpus Christi
1989, pet. ref'd); Harper v. State, 753 S.W.2d 516, 518 (Tex. App.--Houston [1st Dist.] 1988,
pet. ref'd). Here, appellant used his lighter to ignite combustible material, causing a fire that
killed or badly burned five people.

 Appellant contends that the evidence shows he was unaware anyone was inside the
house and, therefore, proves he did not intend to cause death or injury. A deadly-weapon finding
does not require such specific intent. Roberts, 766 S.W.2d at 579. Appellant intended to use and
did use the lighter in a manner capable of and actually producing death and bodily injury. We
overrule appellant's second point of error. (9)

 In his third point of error, appellant complains that he was not given sufficient
notice of the State's intent to seek an affirmative finding of a deadly weapon. A defendant is
entitled to notice if the State intends to seek a finding that during the commission of an offense
he used or exhibited a deadly weapon. (10) Ex parte Patterson, 740 S.W.2d 766, 776 (Tex. Crim.
App. 1987). The issue of notice is entirely "divorced from the `affirmative finding of a deadly
weapon' body of law." Ex parte Beck, 769 S.W.2d 525, 527 (Tex. Crim. App. 1989).

 Appellant claims that he was entitled to express notice in the indictment that the
State sought to prove he used a deadly weapon in the commission of arson. The indictment
charged that appellant started a fire with a lighter that caused bodily injury to a particular
individual. Any allegation that avers a death or injury was caused by a named weapon or
instrument necessarily includes an allegation that the named weapon or instrument was "in the
manner of its use . . . capable of causing" death or injury. Beck, 769 S.W.2d at 526. Appellant
received sufficient notice that the State would seek a deadly-weapon finding.

 The State also filed a notice of its intent to seek an affirmative finding. The Court
of Criminal Appeals has held that notice need not be contained in the indictment under which the
defendant is ultimately convicted. Brooks v. State, 847 S.W.2d 247, 248 (Tex. Crim. App.
1993). Rather, the defendant is simply entitled to notice in some form that the use of a deadly
weapon will be a fact issue at the time of prosecution. Id.; see also Luken v. State, 780 S.W.2d
264, 266 (Tex. Crim. App. 1989); Patterson, 740 S.W.2d at 766. We overrule appellant's third
point of error.

 We affirm the district court's judgment in Cause No. 3-92-346-CR. We reverse
the district court's judgments in Cause Nos. 3-92-347-CR, 3-92-348-CR, 3-92-349-CR, and 3-92-350-CR and order the indictments in these causes dismissed.



 

 Marilyn Aboussie, Justice

[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed as to Cause No. 3-92-346-CR; Reversed and Indictments Ordered Dismissed in 

  Cause Nos. 3-92-347-CR; 3-92-348-CR; 3-92-349-CR; and 3-92-350-CR

Filed: June 30, 1993

[Publish]

 

 

 
1. The Penal Code section on arson provides:


 (a) A person commits an offense if he starts a fire or causes an
explosion with intent to destroy or damage:

 (1) any vegetation, fence, or structure on open-space land; or

 (2) any building, habitation, or vehicle: 

 (A) knowing that it is within the limits of an incorporated city or
town;

 (B) knowing that it is insured against damage or destruction;

 (C) knowing that it is subject to a mortgage or other security
interest;

 (D) knowing that it is located on property belonging to another;

 (E) knowing that it has located within it property belonging to
another; or

 (F) when he is reckless about whether the burning or explosion
will endanger the life of some individual or the safety of the
property of another.

 . . . .

 (d) An offense under this section is a felony of the second degree,
unless bodily injury or death is suffered by any person by reason
of the commission of the offense, in which event it is a felony of
the first degree.


Tex. Penal Code Ann. § 28.02 (West Supp. 1993).

2. A person commits murder if he commits an act clearly dangerous to human life that
causes the death of an individual in the course of committing a felony. See Tex. Penal Code
Ann. § 19.02(a)(3) (West 1989).
3. [3] The Court of Criminal Appeals has suggested that the state constitutional provision is
conceptually identical to its federal constitutional counterpart. See Phillips v. State, 787
S.W.2d 391, 393 n.2 (Tex. Crim. App. 1990). 
4. [4] The Penal Code includes chapters 19 through 22 in Title 5, which is entitled Offenses
Against the Person. Tex. Penal Code Ann. (West 1989). 
5. [5] The Penal Code includes chapters 28 through 33 in Title 7, which is entitled Offenses
Against Property. Tex. Penal Code Ann. (West 1989).
6. [6] The Court of Criminal Appeals has held that the "merger doctrine," which prevents the
State from using assault as the underlying felony to support a felony murder conviction, does
not apply to arson because it is a property crime, not a crime against the person. Murphy v.
State, 665 S.W.2d 116, 119 (Tex. Crim. App. 1983), cert. denied, 469 U.S. 821 (1984).
7. [7] See also Cook v. State, 840 S.W.2d 384 (Tex. Crim. App. 1992) (conviction on two
counts of aggravated robbery for incident involving two assaults but only one theft violated
double jeopardy).
8. [8] We address appellant's remaining points of error in relation to the first arson conviction,
Cause No. 3-92-346-CR, which is not affected by our double jeopardy holding.
9. [9] Appellant's entire argument asserts that the fire could not be a deadly weapon, even
though the district court clearly found the lighter to be a deadly weapon. Even if the court had
found fire to be a deadly weapon, appellant used the fire in a manner capable of causing death
or injury. See Taylor v. State, 735 S.W.2d 930, 948 (Tex. App.--Dallas 1987), rev'd on other
grounds, No. 1184-87 (Tex. Crim. App. Oct. 19, 1988) (not designated for publication). 
10. [10] See Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp. 1993).