Reginald Johnell SELLERS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–96–00491–CR, 01–97–00657–
CR to 01–97–00660–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 31, 1997.

Discretionary Review Refused
Feb. 11, 1998.

Robert A. Monks, Galveston, for Appellant.

Michael J. Guarino, B. Warren Goodson, Jr., Galveston, for Appellee.

Before NUCHIA, COHEN and WILSON, JJ.

## OPINION

NUCHIA, Justice.

Without a recommendation as to punishment, appellant pleaded guilty to five counts of arson. The trial court made an affirmative finding that appellant had used a deadly weapon to commit each offense, and sentenced appellant to four life sentences and 25 years in prison. We affirm in part, and reverse and dismiss in part.

## BACKGROUND

The five counts of arson against appellant stem from three fires set during April and May of 1995. The fire set by appellant on April 13 caused the death of Raymond and Ethel Fickessen. The fire set by appellant on May 25 caused the death of Guadalupe and Natalia Ventura. The fire set by appellant on May 4 caused the bodily injuries of Robert Bergara. It is undisputed that the Fickessens both died in the same fire on April 13. It is likewise undisputed that the

Venturas both died in the same fire on May 25.

Appellant pleaded guilty to five counts of arson—two counts in connection with the April 13 blaze, two counts stemming from the May 25 fire, and one count associated with the structure burned on May 4. The trial court entered an affirmative finding that appellant had used a deadly weapon—namely, fire—to commit each of the five offenses, and sentenced him to four life sentences and 25 years in prison.

## DISCUSSION

■ In his first two points of error, appellant contends his convictions for the April 13 and May 25 fires offend the principles of double jeopardy because he was convicted of and punished for four offenses, when he committed only two.[1] In its responsive brief, the State agrees with appellant's contention.

The double jeopardy provisions of both the federal and state constitutions protect persons from being twice punished for the same offense. *See* U.S. CONST. amend. V.; TEX. CONST. art. I, § 14; *see also United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989); *Watson v. State*, 900 S.W.2d 60, 61 (Tex.Crim.App. 1995); *Arnold v. State*, 920 S.W.2d 704, 707 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd).[2]

■ Arson is an offense against property, not against a person. *Lozano v. State*, 860 S.W.2d 152, 155 (Tex.App.—Austin 1993, pet. ref'd). It is not necessary that a person be injured or killed in the fire to complete the

offense. *See Romo v. State*, 593 S.W.2d 690, 693 (Tex.Crim.App.1980), *overruled on other grounds, Wagner v. State*, 687 S.W.2d 303, 313 n. 7 (Tex.Crim.App.1984).[3] If, however, any person is killed or suffers bodily injury as a result of the arsonist's actions, the offense is elevated from a second-degree to a first-degree felony. TEX. PENAL CODE ANN. § 28.02(c) (Vernon 1994).

■ In this case, it is undisputed that the Fickessens both died in one fire occurring on April 13th. Appellant was twice indicted for arson in connection with that fire—once related to the death of Raymond Fickessen and once related to the death of Ethel Fickessen. In each of the indictments, the State alleged appellant "intentionally and knowingly start[ed] a fire in a building ... with intent to destroy and damage the said building ... [and] kn[ew] that said building ... was within the limits of an incorporated city." *See* TEX. PENAL CODE ANN. § 28.02(a)(1) (Vernon 1994). He was, therefore, twice indicted—and convicted and punished—for the same offense. *See Lozano*, 860 S.W.2d at 155. A similar analysis is applicable to appellant's two convictions associated with the May 25th fire.

Accordingly, we sustain appellant's first and second points of error.

In his third point of error, appellant argues the trial court erred in entering an affirmative finding that he used a deadly weapon in the commission of each offense. We disagree.

■ Appellant argues that fire cannot constitute a deadly weapon used in the commission of arson because the offense with which

---

1. Although appellant pleaded guilty without a recommendation, he did not waive his double jeopardy challenge. A voluntary plea of guilty, entered without benefit of a plea bargain agreement, waives all nonjurisdictional defects occurring before the entry of the plea. *Jack v. State*, 871 S.W.2d 741, 743 (Tex.Crim.App.1994); *Courtney v. State*, 904 S.W.2d 907, 909 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd). A double jeopardy claim, however, is a jurisdictional defect and may be challenged on appeal. *Courtney*, 904 S.W.2d at 910.

2. Although appellant challenges his convictions under both the federal and state constitutions, separate analyses are not necessary because, in

this instance, the latter affords no greater protection than the former. *See Stephens v. State*, 806 S.W.2d 812, 815 (Tex.Crim.App.1990).

3. In some instances, the actor's mental state regarding the welfare of others can be an element of the offense of arson. *See* TEX. PENAL CODE ANN. § 28.02(a)(6) (Vernon 1994) ("A person commits an offense if he starts a fire ... with intent to destroy or damage any building ... when he is reckless about whether the burning ... will endanger the life of some individual...."). But, the indictments returned against appellant did not track the language of this subsection of the penal code.

he is charged—arson—is "complete upon the starting of the fire." A deadly weapon is "anything that in the manner of its use ... is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (Vernon 1994). We need to look no further than the facts of this case for proof that fire is, in the manner in which appellant used it, capable of causing death or serious bodily injury. In this case, appellant's use of fire caused the deaths of four people and injured a fifth. We hold that, in the manner in which it was used by this appellant, fire did constitute a deadly weapon. *Accord Taylor v. State,* 735 S.W.2d 930, 949 (Tex.App.—Dallas 1987).

We overrule appellant's third point of error.

Having sustained appellant's first and second points of error, we accordingly reverse the judgments of the trial court and dismiss the indictments in trial court cause numbers 95CR0861 and 95CR0963. We affirm the judgments of the trial court in all other cause numbers.