Opinion Issued December 21, 2006






 










In The

Court of Appeals

For The

First District of Texas






NOS. 01-05-00995-CR

 01-05-01034-CR






SELETA YOTARSHA CHAMBERS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 405th District Court

Galveston County, Texas

Trial Court Cause Nos. 03CR3895 & 03CR3896






MEMORANDUM OPINION

 Appellant, Seleta Yotarsha Chambers, pleaded guilty to two charges. In trial
court cause number 03CR3895 (appellate cause number 01-05-00995-CR), appellant
pleaded guilty to recklessly causing serious bodily injury to a child, (1) and the jury
sentenced her to 12 years' confinement. In trial court cause number 03CR3896
(appellate cause number 01-05-01034-CR), appellant pleaded guilty to first degree
arson, (2) and the jury sentenced her to 10 years' imprisonment, probated for 10 years. 
In both causes, the trial court entered an affirmative deadly weapon finding. In one
point of error for both appellate cause numbers, appellant argues that the trial court
erroneously included an affirmative deadly weapon finding in each judgment.

 We affirm both judgments of the trial court.

Facts and Procedural History

 At the time of the offense, appellant lived in an apartment in La Marque, Texas,
with her two children, D.C. and J.C., and her boyfriend, Rio Jones. On the evening
of December 29, 2003, appellant put her children to bed in an upstairs bedroom. 
After the children had gone to bed, appellant and Jones argued. During the argument,
appellant ignited an aerosol can and used it as a torch to set several things in the
apartment on fire, including the couch. As a result of the fire, both of appellant's
children died.

 After the fire, appellant was arrested and charged with injury to a child and
arson. The indictment in trial court cause number 03CR3895 alleged that appellant
recklessly caused "serious bodily injury to [D.C.], a child . . ., by setting fire within
a habitation while said [D.C.] was in said habitation, and [appellant] . . . did then and
there use a deadly weapon, to-wit: fire." In trial court cause number 03CR3896, the
indictment alleged that appellant did, "with intent to damage or destroy a habitation,
start a fire within said habitation, and . . . [J.C.] suffered death or serious bodily injury
as a result of said fire, and [appellant] did then and there use a deadly weapon, to-wit:
fire." Appellant pleaded guilty to both indictments but elected to have the jury assess
punishment.

Discussion

 In her sole point of error in both appellate cause numbers, appellant argues that
the trial court erred when it included an affirmative deadly weapon finding in both
judgments. More specifically, appellant asserts that because fire is the process of
combustion and not a physical object that can be used as a weapon, fire is not a
deadly weapon as a matter of law, and the indictments in both causes, therefore, failed
to validly allege the use of a deadly weapon. The inclusion of the deadly weapon
findings in the judgments, according to appellant, therefore, was improper.

 Under the Texas Penal Code, a deadly weapon is "a firearm or anything
manifestly designed, made, or adapted for the purpose of inflicting death or serious
bodily injury" or "anything that in the manner of its use or intended use is capable of
causing death or serious bodily injury." Tex. Pen. Code Ann. § 1.07(17)(A), (B)
(Vernon Supp. 2006). The dictionary defines "fire" in terms of its tangible aspects;
it is "the phenomenon of combustion manifested in light, flame, and heat." Merriam-Webster's Collegiate Dictionary 470 (11th ed. 2003); see also Taylor v. State,
735 S.W.2d 930, 948 (Tex. App.--Dallas 1987), abrogated on other grounds by
Gaines v. State, 761 S.W.2d 2 (Tex. Crim. App. 1988). Thus, although fire is not a
physical object in the same sense as a gun or a knife, it is not intangible either, but
rather manifests itself through the tangible aspects of combustion--namely, light,
flame, and heat. See Taylor, 735 S.W.2d at 948. We conclude therefore, that fire is
a thing which, in the manner of its use or intended use, is capable of causing death or
serious bodily injury. Id. at 949.

 Having concluded that fire can be a deadly weapon within the definition of
Texas Penal Code § 1.07(17), we must determine whether, in this case, the manner
in which fire was used or was intended to be used was capable of causing death or
serious bodily injury. See Tex. Pen. Code Ann. § 1.07(17)(B). Under the facts of
this case, it clearly was. Appellant purposefully set fire to the couch in her apartment,
which caused the rest of the apartment to catch on fire. As a result of this fire,
appellant's two children died. It is clear, therefore, that the manner in which fire was
used in this case was capable of causing--and, in fact, did cause--serious bodily
injury and death. See id.; see also Sellers v. State, 961 S.W.2d 351, 353 (Tex.
App.--Houston [1st Dist.] 1997, pet. ref'd). Thus, because both indictments provided
appellant notice that the State would seek an affirmative deadly weapon finding, the
trial court did not err when it included such a finding in both judgments. See
Mitchell v. State, 137 S.W.3d 842, 847 (Tex. App.--Houston [1st Dist.] 2004, pet.
ref'd) (citing Ex parte Minott, 972 S.W.2d 760, 761 (Tex. Crim. App. 1998)) (noting
that "a defendant is entitled to written notice in some form that the use of a deadly
weapon will be a fact issue at trial").

 We overrule appellant's sole point of error in both appellate cause numbers.

Conclusion

 We affirm both judgments of the trial court.




 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).
1. Tex. Pen. Code Ann. § 22.04(a)(1) (Vernon Supp. 2006).
2. Id. § 28.02(a)(2)(A), (d)(1) (Vernon Supp. 2006).