**Joshua A. MIMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–10–00466–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 14, 2010.

Jonathan L. Munier, Attorney at Law, Houston, TX, for Appellant.

Alan Curry, Chief Prosecutor, Appellate Division, Harris County District Attorney's Office, Patricia R. Lykos, Harris County District Attorney, Houston, TX, for Appellee.

Panel consists of Justices KEYES, HIGLEY, and BLAND.

## OPINION

LAURA CARTER HIGLEY, Justice.

Appellant, Joshua A. Mims, pleaded guilty, without an agreed punishment recommendation from the State, to the charged offense of first-degree arson causing bodily injury. *See* TEX. PENAL CODE ANN. § 28.02 (Vernon Supp.2010). The trial court found appellant guilty, found the deadly-weapon allegation contained in the indictment to be true, and sentenced appellant to 50 years in prison. In two appellate issues, appellant challenges the trial court's deadly-weapon finding.

We affirm.

## Background

Appellant intentionally set fire to an apartment building. One of the building's residents, an elderly woman, Lyna O'Neal Skinner, died in the fire.

A grand jury indicted appellant for the offense of first-degree felony arson. The indictment charged as follows:

... JOSHUA D. MIMS, hereafter styled Defendant, heretofore on or about MAY 18, 2008, did then and there unlawfully, START A FIRE by IGNITING A FLAMMABLE MATERIAL with the intent to destroy and damage a building located at 13000 WOODFOREST, HOUSTON, TEXAS owned by KATHERINE KUFAHL, and the De-

fendant knew that the building was located on property belonging to another, and by reason of the commission of this offense the Defendant caused bodily injury to be suffered by LYNA O'NEAL–SKINNER.

It is further presented that at the time the Defendant committed the felony offense of ARSON on or about MAY 18, 2008, as hereinabove alleged, he used and exhibited a deadly weapon, namely FIRE during the commission of and during the immediate flight therefrom.

Appellant pleaded guilty before the trial court to the offense of first-degree felony arson. In connection with his guilty plea, appellant executed a written judicial confession in which he confessed that the allegations contained in the indictment were true. The State made no recommendation regarding appellant's punishment. The trial court deferred any finding of guilt, ordered the preparation of a presentence investigation report, and set the matter for a future hearing.

Three months later, the trial court conducted a sentencing hearing. The court noted that it had read the presentence investigation report. The State presented witness testimony and appellant testified on his own behalf. At the conclusion of the hearing, the trial court found appellant guilty of first-degree felony arson as charged in the indictment, found the deadly-weapon allegation to be true, and sentenced appellant to 50 years in prison. The trial court made an affirmative deadly-weapon finding in the judgment of conviction. The judgment provides, "The court FINDS Defendant used or exhibited a deadly weapon, namely, FIRE, during the commission of a felony offense . . ."

This appeal followed.

## Deadly Weapon Finding

■ In two issues, appellant contends that the trial court erred in making the deadly-weapon finding. Appellant asserts that fire cannot be a deadly weapon.

The Penal Code defines a deadly weapon as "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury" or "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(17)(A), (B) (Vernon Supp. 2010). Appellant argues that, as a matter of law, fire cannot be a deadly weapon under Penal Code section 1.07(17)'s plain language because fire is not a physical object or "any *thing*." *See id.*

We faced this same argument in the *Chambers v. State,* Nos. 01—05—00995—CR, 01—05—01034—CR, 2006 WL 3751419 (Tex.App.-Houston [1st Dist.] Dec. 21, 2006, pet. ref'd) (mem. op., not designated for pub.) There, we noted that the dictionary defines "fire" in terms of its tangible aspects; it is "the phenomenon of combustion manifested in light, flame, and heat." *Id.* at *1 (quoting MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 470 (11th ed.2003)). Relying on a Dallas Court of Appeals's opinion, we reasoned, "[A]lthough fire is not a physical object in the same sense as a gun or a knife, it is not intangible either, but rather manifests itself through the tangible aspects of combustion-namely, light, flame, and heat." *Id.* (citing *Taylor v. State,* 735 S.W.2d 930, 948 (Tex.App.-Dallas 1987), *abrogated on other grounds by Gaines v. State,* 761 S.W.2d 2 (Tex.Crim.App.1988)); *see also Munn v. State,* No. 03—96—00545—CR, 1997 WL 6313, at *2 (Tex.App.-Austin Jan. 9, 1997, pet. ref'd) (not designated for pub.) ("That fire cannot be felt or touched in the manner of a firearm or knife does not mean that it cannot be employed as a

deadly weapon."). We concluded, "[F]ire is a thing which, in the manner of its use or intended use, is capable of causing death or serious bodily injury."[1] *Chambers*, 2006 WL 3751419, at *1. The Dallas Court of Appeals in *Taylor* reached the same conclusion. *See Taylor*, 735 S.W.2d at 949.

■ We adopt the reasoning found in *Chambers* and *Taylor*. We note that Penal Code section 1.07(17) does not limit what can be a deadly weapon to solid objects. *See* Tex. Penal Code Ann. § 1.07(17)(A), (B). Nor does it require that a deadly weapon possesses any particular trait or characteristic other than its capacity to cause death or serious bodily injury. *See id.; see also Mixon v. State*, 781 S.W.2d 345, 346–47 (Tex.App.-Houston [14th Dist.] 1989), *aff'd*, 804 S.W.2d 107 (Tex.Crim.App.1991) (recognizing that deadly weapon finding may be made even when weapon used is unknown).

Turning to the statutory definition of deadly weapon, the focal point is whether the "thing" at issue is capable of causing death or serious bodily injury in the manner of its use or intended use. *See id.* As has been seen in previous cases, fire is capable of causing such injury. *See e.g., Sellers v. State*, 961 S.W.2d 351, 353 (Tex. App.-Houston [1st Dist.] 1997, pet. ref'd); *Taylor*, 735 S.W.2d at 949; *Chambers*, 2006 WL 3751419, at *2; *Munn*, 1997 WL 6313, at *2. We conclude that "fire" can be a "deadly weapon" as defined by section 1.07(17).

■ Whether fire is a deadly weapon in a particular case depends on whether the manner in which the fire was used, or was intended to be used, was capable of causing death or serious bodily injury. *See*

Tex. Penal Code Ann. § 1.07(17)(A), (B). In *Taylor*, the defendant poured gasoline in a room occupied by her unconscious husband and ignited it. 735 S.W.2d at 949. The resulting fire killed her husband. *Id.* The court held that, in the manner of its use in that case, the fire was a deadly weapon. *Id.; see Sellers*, 961 S.W.2d at 353 (upholding finding that fire was a deadly weapon where defendant's use of fire caused deaths of four people and injured a fifth).

■ Similarly, in this case, the record shows that appellant intentionally started a fire in an apartment building. The fire spread throughout the building resulting in the death of an elderly woman. Thus, the manner in which fire was used in this case was capable of causing—and did cause—serious bodily injury and death. *See* Tex. Penal Code Ann. § 1.07(17). The fire in this case fits squarely within the statutory definition of deadly weapon. *See id.*

Appellant also relies on legislative history to support his argument that fire cannot be a deadly weapon as defined in Penal Code section 1.07(17). Appellant cites the legislature's purpose in enacting the statutory scheme governing deadly weapon findings. Appellant contends that the purpose is to deter offenders from using a deadly weapon in the commission of an offense. Appellant argues that such purpose would not be served by allowing fire to be considered a deadly weapon when the charged offense is arson. Appellant points out that "fire" is already a necessary element of arson.

■ Here, we need not resort to legislative history to determine whether fire is a deadly weapon in this case. The Court of Criminal Appeals has made clear that we

---

1. Citing Webster's Dictionary definition, appellant asserts that "thingness" is "the quality or state of objective existence or reality." Fire fits this definition. It undeniably has an objective existence or reality.

stray from the literal language of the statute and resort to extra-textual aids, such as legislative history, only (1) when application of a statute's plain language would lead to absurd consequences or (2) when the language is not plain but rather ambiguous. *See Mahaffey v. State,* 316 S.W.3d 633, 638 (Tex.Crim.App.2010); *Tapps v. State,* 294 S.W.3d 175, 177 (Tex.Crim.App. 2009). Neither of these exceptions applies with regard to determining whether fire can be a deadly weapon within the meaning of section 1.07(17). Thus, we do not consider the legislative history cited by appellant.

■ Appellant further assails the deadly weapon finding by pointing out that the Penal Code elevates arson from a second-degree felony to a first-degree felony when the offense results in bodily injury or death. *See* Tex. Penal Code Ann. § 28.02(d)(1). Appellant was sentenced to 50 years in prison, which exceeds the sentencing range for a second-degree felony, but is within the sentencing range for first-degree felonies. *See* Tex. Penal Code Ann. §§ 12.32(a) (Vernon Supp.2010) (punishment range for first-degree felony), 12.33 (Vernon Supp.2010) (punishment range for second-degree felony).

Appellant points out that his eligibility for parole is affected by the deadly weapon finding. *See* Tex. Gov't Code Ann. § 508.145(d) (Vernon Supp.2010). Appellant intimates that it is error to permit a fire to be a deadly weapon in first-degree arson cases because "the Legislature already saw fit to elevate second degree felony arson to a first degree felony when it causes bodily injury or death." Appellant asserts, "It is redundant and flamingly illogical to also harshen the punishment for first degree felony arson with a deadly-weapon finding."

The legislature does not exempt first degree felony offenses involving bodily in-

jury or death from the statutory scheme governing deadly-weapon findings. To the contrary, article 42.12, section 3g(a)(2) of the Code of Criminal Procedure authorizes the trial court to enter a deadly weapon finding in all felony cases. Tex.Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (Vernon Supp.2010); *see Patterson v. State,* 769 S.W.2d 938, 940 (Tex.Crim.App.1989) (agreeing with lower court's conclusion that "all felonies are theoretically susceptible to an affirmative finding of use or exhibition of a deadly weapon").

Moreover, although it affects a defendant's eligibility for judge-ordered community supervision and parole, a deadly weapon finding does not alter the range of punishment to which the defendant is subject, or the number of years to which he is sentenced. *See* Tex.Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2); Tex. Gov't Code Ann. §§ 508.145, 508.149 (Vernon Supp.2010); *Ex Parte Huskins,* 176 S.W.3d 818, 820 (Tex.Crim.App.2005). In short, a deadly weapon finding may affect how the sentence is served, but it does not increase the punishment assessed against a defendant at sentencing. *Huskins,* 176 S.W.3d at 820–21. Thus, appellant's reasoning does not bear out.

■ Lastly, appellant contends that the deadly weapon finding was improper because the act of starting a fire that results in bodily injury is an essential element of the offense of first-degree arson. Appellant intimates that such conduct cannot both be an element of the charged offense and be used to support a deadly weapon finding.

Several Texas courts of appeals have recognized that conduct which is an element of an offense can also be the basis for a deadly weapon finding. *See, e.g., Thomas v. State,* 2 S.W.3d 640, 642–43 (Tex. App.-Dallas 1999, no pet.) (holding in case

in which defendant pleaded guilty to aggravated assault with a deadly weapon, that same conduct could be used as element of offense and also serve as basis for deadly weapon finding); *Martinez v. State,* 883 S.W.2d 771, 774 (Tex.App.-Fort Worth 1994, pet. ref'd) (explaining that deadly weapon finding statutes "refer generally to a trial of a felony, making no exception for those felonies where the use of a deadly weapon finding constitutes an essential element of the offense"); *see also Jones v. State,* No. 14–03–00650–CR, 2005 WL 549541, at *10–11 (Tex.App.-Houston [14th Dist.] March 10, 2005, pet. ref'd) (not designated for pub.; mem. op.) (holding same conduct can be used as element of offense and also serve as basis for a deadly weapon finding under article 42.12, section 3g(a)(2) and explaining that to hold otherwise would "conflict with the unambiguous language of article 42.12, section 3g(a)(2)").

We agree with the reasoning of these courts. The same conduct that supports an element of an offense can also serve to support a deadly weapon finding. Here, appellant's conduct of starting the fire that resulted in bodily injury supports both his conviction for the offense of first-degree arson and the trial court's deadly weapon finding.

We overrule appellant's two issues.

### Conclusion

We affirm the judgment of the trial court.