Opinion issued October
14, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00466-CR

———————————

JOSHUA A.
MIMS, Appellant

V.

THE STATE OF TEXAS, Appellee



 



 

On Appeal from the 337th District Court 

Harris County, Texas

Trial Court Case No. 1242880



 



 

O P I N I ON

          Appellant, Joshua A. Mims, pleaded
guilty, without an agreed punishment recommendation from the State, to the charged
offense of first-degree arson causing bodily injury.  See Tex. Penal Code Ann. § 28.02 (Vernon Supp.
2010).  The trial court found appellant
guilty, found the deadly-weapon allegation contained in the indictment to be
true, and sentenced appellant to 50 years in prison.  In two appellate issues, appellant challenges
the trial court’s deadly-weapon finding.

          We affirm.  

Background

          Appellant intentionally set fire to an
apartment building.  One of the
building’s residents, an elderly woman, Lyna O’Neal Skinner, died in the
fire.  

          A grand jury indicted appellant for the
offense of first-degree felony arson. 
The indictment charged as follows:

. . . JOSHUA D. MIMS, hereafter styled Defendant,
heretofore on or about MAY 18, 2008, did then and there unlawfully, START A
FIRE by IGNITING A FLAMMABLE MATERIAL with the intent to destroy and damage a
building located at 13000 WOODFOREST, HOUSTON, TEXAS owned by KATHERINE KUFAHL,
and the Defendant knew that the building was located on property belonging to
another, and by reason of the commission of this offense the Defendant caused
bodily injury to be suffered by LYNA O’NEAL-SKINNER.

 

It is further presented that at the time the
Defendant committed the felony offense of ARSON on or about MAY 18, 2008, as
hereinabove alleged, he used and exhibited a deadly weapon, namely FIRE during
the commission of and during the immediate flight therefrom.

 

          Appellant pleaded guilty
before the trial court to the offense of first-degree felony arson.  In connection with his guilty plea, appellant
executed a written judicial confession in which he confessed that the
allegations contained in the indictment were true.  The State made no recommendation regarding
appellant’s punishment.  The trial court
deferred any finding of guilt, ordered the preparation of a presentence
investigation report, and set the matter for a future hearing.  

Three months later, the trial court conducted a
sentencing hearing.  The court noted that
it had read the presentence investigation report.  The State presented witness testimony and
appellant testified on his own behalf. 
At the conclusion of the hearing, the trial court found appellant guilty
of first-degree felony arson as charged in the indictment, found the
deadly-weapon allegation to be true, and sentenced appellant to 50 years in
prison.  The trial court made an affirmative
deadly-weapon finding in the judgment of conviction.  The judgment provides, “The court FINDS
Defendant used or exhibited a deadly weapon, namely, FIRE, during the
commission of a felony offense. . .”

This appeal followed.    

Deadly Weapon Finding

          In two issues, appellant
contends that the trial court erred in making the deadly-weapon finding.  Appellant asserts that fire cannot be a
deadly weapon.  

The Penal Code defines a deadly weapon as “a
firearm or anything manifestly designed, made, or adapted for the purpose of
inflicting death or serious bodily injury” or “anything that in the manner of
its use or intended use is capable of causing death or serious bodily injury.”  Tex.
Penal Code Ann. § 1.07(17)(A), (B) (Vernon Supp. 2010).  Appellant argues that, as a matter of law,
fire cannot be a deadly weapon under Penal Code section 1.07(17)’s plain
language because fire is not a physical object or “any thing.”  See id.

We faced this same argument in the Chambers v. State, Nos. 01–05–00995–CR,
01–05–01034–CR, 2006 WL 3751419 (Tex. App.—Houston [1st Dist.] Dec. 21, 2006,
pet. ref’d) (mem. op., not designated for pub.)  There, we noted that the dictionary defines
“fire” in terms of its tangible aspects; it is “the phenomenon of combustion
manifested in light, flame, and heat.”  Id. at *1 (quoting Merriam-Webster’s Collegiate Dictionary
470 (11th ed. 2003)).  Relying on a
Dallas Court of Appeals’s opinion, we reasoned, “[A]lthough fire is not a
physical object in the same sense as a gun or a knife, it is not intangible
either, but rather manifests itself through the tangible aspects of
combustion-namely, light, flame, and heat.” 
Id. (citing Taylor v. State, 735 S.W.2d 930, 948 (Tex.
App.—Dallas 1987), abrogated on other
grounds by Gaines v. State, 761 S.W.2d 2 (Tex. Crim. App. 1988)); see also Munn v. State, No. 03–96–00545–CR,
1997 WL 6313, at *2 (Tex. App.—Austin Jan. 9, 1997, pet. ref’d) (not designated
for pub.) (“That fire cannot be felt or touched in the manner of a firearm or
knife does not mean that it cannot be employed as a deadly weapon.”).  We concluded, “[F]ire is a thing which, in the
manner of its use or intended use, is capable of causing death or serious
bodily injury.”[1]  Chambers,
1997 WL 6313, at *1.   The Dallas Court of Appeals in Taylor reached the same conclusion.  See
Taylor, 735 S.W.2d at 949.

We adopt the reasoning found in Chambers and Taylor.  We note that Penal Code section 1.07(17)
does not limit what can be a deadly weapon to solid objects.  See Tex. Penal Code Ann. § 1.07(17)(A),
(B).  Nor does it require that a deadly
weapon possesses any particular trait or characteristic other than its capacity
to cause death or serious bodily injury.  See id.;
see also Mixon v. State, 781 S.W.2d
345, 346–47 (Tex. App.—Houston [14th Dist.] 1989), aff’d, 804 S.W.2d 107 (Tex. Crim. App. 1991) (recognizing that deadly weapon finding may be made even when
weapon used is unknown).  

Turning to the statutory definition of deadly
weapon, the focal point is whether the “thing” at issue is capable of causing
death or serious bodily injury in the manner of its use or intended use.  See
id.  As has been seen in previous
cases, fire is capable of causing such injury. 
See¸ e.g., Sellers v. State, 961
S.W.2d 351, 353 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d); Taylor, 735 S.W.2d at 949; Chambers, 2006 WL 3751419, at *2; Munn, 1997 WL 6313, at *2.  We conclude that “fire” can be a “deadly
weapon” as defined by section 1.07(17).  

Whether fire is a deadly weapon in a particular
case depends on whether the manner in which the fire was used, or was intended
to be used, was capable of causing death or serious bodily injury.  See Tex. Penal Code Ann. § 1.07(17)(A),
(B).  In Taylor, the defendant
poured gasoline in a room occupied by her unconscious husband and ignited it.  735 S.W.2d at 949.  The resulting fire killed her husband.  Id. The
court held that, in the manner of its use in that case, the fire was a deadly
weapon.  Id.; see Sellers, 961 S.W.2d at 353 (upholding finding
that fire was a deadly weapon where defendant’s use of fire caused deaths of
four people and injured a fifth).  

Similarly, in this case, the record shows that
appellant intentionally started a fire in an apartment building.  The fire spread throughout the building
resulting in the death of an elderly woman. 
Thus, the manner in which fire was used in this case was capable of
causing—and did cause—serious bodily injury and death.  See Tex. Penal Code Ann. § 1.07(17).  The fire in this case fits squarely within
the statutory definition of deadly weapon. 
See id.

Appellant also relies on legislative history to
support his argument that fire cannot be a deadly weapon as defined in Penal
Code section 1.07(17).  Appellant cites
the legislature’s purpose in enacting the statutory scheme governing deadly
weapon findings.  Appellant contends that
the purpose is to deter offenders from using a deadly weapon in the commission
of an offense.  Appellant argues that
such purpose would not be served by allowing fire to be considered a deadly
weapon when the charged offense is arson. 
Appellant points out that “fire” is already a necessary element of arson.  

Here, we need not resort to legislative history
to determine whether fire is a deadly weapon in this case.  The Court of Criminal Appeals has made clear
that we stray from the literal language of the statute and resort to
extra-textual aids, such as legislative history, only (1) when application of a
statute’s plain language would lead to absurd consequences or (2) when the
language is not plain but rather ambiguous. 
See Mahaffey v. State, 316
S.W.3d 633, 638 (Tex. Crim. App. 2010); Tapps
v. State, 294 S.W.3d 175, 177 (Tex. Crim. App. 2009).  Neither of these exceptions applies with
regard to determining whether fire can be a deadly weapon within the meaning of
section 1.07(17).  Thus, we do not
consider the legislative history cited by appellant.

Appellant further assails the deadly weapon
finding by pointing out that the Penal Code elevates arson from a second-degree
felony to a first-degree felony when the offense results in bodily injury or
death.  See Tex. Penal Code Ann. § 28.02(d)(1).  Appellant
was sentenced to 50 years in prison, which exceeds the sentencing range for a
second-degree felony, but is within the sentencing range for first-degree
felonies.  See Tex. Penal Code Ann.
§§ 12.32(a) (Vernon Supp. 2010) (punishment range for first-degree felony),
12.33 (Vernon Supp. 2010) (punishment range for second-degree felony).  

Appellant points out that his eligibility for
parole is affected by the deadly weapon finding.  See Tex. Gov’t Code Ann. § 508.145(d)
(Vernon Supp. 2010).  Appellant intimates
that it is error to permit a fire to be a deadly weapon in first-degree arson
cases because “the Legislature already saw fit to elevate second degree felony
arson to a first degree felony when it causes bodily injury or death.”  Appellant asserts, “It is redundant and
flamingly illogical to also harshen the punishment for first degree felony
arson with a deadly-weapon finding.”  

The legislature does not exempt first degree felony
offenses involving bodily injury or death from the statutory scheme governing deadly-weapon
findings.  To the contrary, article
42.12, section 3(g)(a)(2) of the Code of Criminal Procedure authorizes the
trial court to enter a deadly weapon finding in all felony cases.  Tex.
Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (Vernon Supp. 2010); see Patterson
v. State, 769 S.W.2d 938, 940 (Tex. Crim. App. 1989) (agreeing with lower
court’s conclusion that “all felonies are theoretically susceptible to an affirmative
finding of use or exhibition of a deadly weapon”).  

Moreover, although it affects a defendant’s
eligibility for judge-ordered community supervision and parole, a deadly weapon
finding does not alter the range of punishment to which the defendant is
subject, or the number of years to which he is sentenced.  See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 3g(a)(2); Tex. Gov’t Code Ann. §§
508.145, 508.149 (Vernon Supp. 2010); Ex Parte
Huskins, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005).  In short, a deadly weapon finding may affect
how the sentence is served, but it does not increase the punishment assessed against
a defendant at sentencing.  Huskins, 176 S.W.3d at 820–21.  Thus, appellant’s reasoning does not bear out.  

Lastly, appellant contends that the deadly
weapon finding was improper because the act of starting a fire that results in
bodily injury is an essential element of the offense of first-degree arson.  Appellant
intimates that such conduct cannot both be an element of the charged offense
and be used to support a deadly weapon finding. 


Several Texas courts of appeals have recognized
that conduct which is an element of an offense can also be the basis for a
deadly weapon finding.  See, e.g., Thomas v. State, 2 S.W.3d
640, 642–43 (Tex. App.—Dallas 1999, no pet.) (holding in case in which defendant
pleaded guilty to aggravated assault with a deadly weapon, that same conduct
could be used as element of offense and also serve as basis for deadly weapon
finding); Martinez v. State, 883
S.W.2d 771, 774 (Tex. App.—Fort Worth 1994, pet. ref’d) (explaining that deadly
weapon finding statutes “refer generally to a trial of a felony, making no
exception for those felonies where the use of a deadly weapon finding
constitutes an essential element of the offense”); see also Jones v. State, No. 14–03–00650–CR, 2005 WL 549541, at *10–11
(Tex. App.—Houston [14th Dist.] March 10, 2005, pet. ref’d) (not designated for
pub.; mem. op.) (holding same conduct can be used as element of offense and
also serve as basis for a deadly weapon finding under article 42.12, section
3g(a)(2) and explaining that to hold otherwise would “conflict with the
unambiguous language of article 42.12, section 3g(a)(2)”).  

We agree with the reasoning of these courts.  The same conduct that supports an element of an
offense can also serve to support a deadly weapon finding.  Here, appellant’s conduct of starting the
fire that resulted in bodily injury supports both his conviction for the
offense of first-degree arson and the trial court’s deadly weapon finding.  

We overrule appellant’s two issues.

Conclusion

We affirm
the judgment of the trial court.

 

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Bland

Publish.   Tex. R. App. P. 47.2(b).












[1]           Citing Webster’s Dictionary
definition, appellant asserts that “thingness” is “the quality or state of
objective existence or reality.”  Fire
fits this definition.  It undeniably has
an objective existence or reality.