**Opinion issued October 9, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00996-CR

———————————

**MARTIN MARMOLEJO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case No. 1348359**

---

## MEMORANDUM OPINION

A jury found Martin Marmolejo guilty of aggravated assault with a deadly weapon. The jury found the allegations in two enhancement paragraphs to be true and assessed his punishment at twenty–seven years' confinement. On appeal,

Marmolejo contends that the trial court erred in denying his request for a jury instruction on the lesser–included offense of assault. Finding no error, we affirm.

## Background

In May 2012, Marmolejo approached Edgar Jasso, a family friend, at a corner store and asked Jasso if he knew of a person who could fix his computer. Jasso responded that he would contact a friend who could repair it. One week later, Jasso drove to Marmolejo's house to tell him that his friend would be available when he returned from a vacation. While they were talking outside Marmolejo's house, a man walked by. Marmolejo told Jasso that the man belonged to a gang. Jasso responded that he "[did not] care about [] gangs because they [did not] do [him any] good." Jasso then left Marmolejo's house.

One week later, Marmolejo again spoke with Jasso at the corner store. Jasso noticed that Marmolejo's breath smelled like alcohol. Marmolejo asked Jasso if he would fix his computer, and Jasso responded that he would try. Jasso then drove to Marmolejo's house and met Marmolejo in his driveway. Marmolejo began to insult Jasso using profanity and expressed anger about Jasso's previous comment regarding gangs. Jasso responded that he was going to leave. Marmolejo replied that he was going to kill him and then stabbed him in the upper left chest, inflicting a one–centimeter–wide wound that flowed blood. Jasso quickly drove home to seek medical attention.

Upon Jasso's arrival, Jasso's wife called an ambulance. At the hospital, doctors x-rayed Jasso's chest, treated him, and released him.

*Course of Proceedings*

At trial, Jasso testified that Marmolejo stabbed him with a knife. Jasso conceded on cross–examination, however, that he did not clearly see Marmolejo use a knife; rather, he assumed that Marmolejo had used a knife based on the severity of his injury. A police officer testified that the police did not recover a knife after the incident and that "almost anything can cause a laceration." Marmolejo requested a jury instruction on the lesser–included offense of assault. The trial court denied Marmolejo's request.

The trial court submitted a jury charge that, in the abstract portion, described the offense of aggravated assault with a deadly weapon and defined "deadly weapon" as "anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *See* TEX. PENAL CODE ANN. §§ 1.07(a)(17)(A), (B), 22.01(a)(1), 22.02(a)(2) (West 2011). The jury charge's application portion, however, specified the use of a knife as an element of the offense. The jury found Marmolejo guilty of aggravated assault with a deadly weapon. The jury found the allegations in two enhancement paragraphs to be true and assessed his punishment at twenty–seven years' confinement.

**Discussion**

*Analysis*

Marmolejo contends that the trial court erred in failing to instruct the jury on the lesser–included offense of assault. We use a two–pronged test to determine whether a defendant is entitled to an instruction on a lesser–included offense. *See Guzman v. State*, 188 S.W.3d 185, 188–89 (Tex. Crim. App. 2006); *Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005).

The first step is to determine "whether an offense is a lesser–included offense of the alleged offense." *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007); *Salinas*, 163 S.W.3d at 741. This determination is a question of law, and "[i]t does not depend on the evidence to be produced at trial." *Hall*, 225 S.W.3d at 535. An offense is a lesser–included offense if it is established by proof of the same facts or less than all the facts required to establish the commission of the greater offense. TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (West 2006). The elements of assault are included within the proof necessary for aggravated assault with a deadly weapon; therefore, assault is a lesser–included offense of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. §§ 22.01, 22.02(a)(2).

Under the second step, we determine whether some evidence exists that would permit a rational jury to find that the defendant is guilty of the lesser offense but not guilty of the greater. *Hall*, 225 S.W.3d at 536; *Salinas*, 163 S.W.3d at 741;

4

*Feldman v. State*, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002). We review all evidence presented at trial to make this determination. *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). If the evidence raises the issue of a lesser–included offense, the trial court must charge the jury based on that evidence, "whether produced by the State or the defendant and whether it be strong, weak, unimpeached, or contradicted." *Id.* at 672 (quoting *Bell v. State*, 693 S.W.2d 434, 442 (Tex. Crim. App. 1985)). However, some affirmative evidence must support the lesser–included charge; thus, it is not enough that a jury may have disbelieved a witness's testimony. *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997). Similarly, a witness's concession that "anything is possible and that he cannot be 100 percent certain of anything does not raise evidence for purposes of a lesser–included offense." *Massey v. State*, 933 S.W.2d 141, 155 (Tex. Crim. App. 1996) (italics removed); *see also Penaloza*, 349 S.W.3d at 713 (holding that witness's uncertainty as to gun's authenticity was not affirmative evidence that defendant did not use deadly weapon).

In determining whether some evidence exists that would permit a rational jury to find a defendant guilty of the lesser offense but not guilty of the greater, we consider any instructions contained in the abstract portion of the jury charge that are missing in the application portion. *Yzaguirre v. State*, 394 S.W.3d 526, 530–31 (Tex. Crim. App. 2013). If, in light of the abstract portion of the jury charge, no

5

affirmative evidence supports the lesser–included charge, then the defendant is not entitled to a lesser–included–offense jury instruction. *Id* at 531.

Whether an object is a deadly weapon depends on the manner in which the object was used or was intended to be used; it must be capable of causing death or serious bodily injury. *Mims v. State*, 335 S.W.3d 247, 250 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (citing TEX. PENAL CODE ANN. § 1.07(a)(17)(A), (B)) (holding that fire could constitute deadly weapon); *see also Dominique v. State*, 598 S.W.2d 285, 286 (Tex. Crim. App. 1980) (holding that scissors could constitute deadly weapon where defendant held scissors to victim's neck, threatened to kill him, and made slashing motions).

Because assault is a lesser–included offense of aggravated assault with a deadly weapon, *Hall*'s first prong is satisfied. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(1), 22.02(a)(2).

This case turns on the application of the second step. Marmolejo contends that the evidence would permit a rational jury to find Marmolejo guilty of assault, but not aggravated assault with a deadly weapon. He points to (1) Jasso's concession on cross–examination that Jasso did not see Marmolejo use a knife; rather, he assumed Marmolejo used a knife based on the severity of his injury; and (2) the police officer's testimony that police never recovered a knife and concession that "almost anything can cause a laceration." But Marmolejo

6

proffered no affirmative evidence that he did not use a knife; a witness's concession on cross–examination that "anything is possible" does not amount to affirmative evidence. *See Massey*, 933 S.W.2d at 155; *Penaloza*, 349 S.W.3d at 713.

The jury charge's abstract portion did not limit the deadly–weapon element of aggravated assault to a knife. Pursuant to section 1.07(a)(17) of the Penal Code, the jury charge defined "deadly weapon" as "anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(A), (B). Marmolejo stabbed Jasso in the upper left chest, inflicting a bleeding wound. He threatened to kill Jasso. The injury required medical attention. This evidence supports a reasonable inference that Marmolejo used a sharp object in a manner capable of causing death or serious bodily injury. *See Mims*, 335 S.W.3d at 250; *Dominique*, 598 S.W.2d at 286; TEX. PENAL CODE ANN. § 1.07(a)(17)(A), (B). Because Marmolejo proffered no affirmative evidence to show that his use of the sharp object was not capable of causing death or serious bodily injury, no affirmative evidence supported the submission of a plain assault charge as a lesser–included offense. *See Yzaguirre*, 394 S.W.3d at 531. Accordingly, we hold that the trial court did not err in refusing to so instruct the jury.

**Conclusion**

We hold that the trial court did not err in refusing to instruct the jury on the lesser–included offense of assault. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Higley, Bland, and Sharp.

Do not publish. *See* TEX. R. APP. P. 47.2(b).