

# NUMBER 13-23-00047-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LAYNE ALAN DEROUEN,                                                                       Appellant,

v.

THE STATE OF TEXAS,                                                                          Appellee.

### On appeal from the 36th District Court
### of Aransas County, Texas.

# MEMORANDUM OPINION

### Before Justices Tijerina, Silva, and Peña
### Memorandum Opinion by Justice Silva

Appellant Layne Alan Derouen appeals his conviction of aggravated assault with a deadly weapon, a second-degree felony enhanced as a repeat felony offender, for which he received a life sentence. *See* TEX. PENAL CODE ANN. §§ 12.42(b), 22.02(a)(2). By a single issue, appellant argues that the evidence was insufficient to support a finding

that he used a deadly weapon. We affirm.

## I. BACKGROUND

Appellant was indicted for aggravated assault with a deadly weapon (Count 1) and possession of a controlled substance (Count 2). Count 1 alleged that appellant:

> on or about the 14[th] day of June, 2022, in said County and State and anterior to the presentment of this Indictment, did then and there intentionally or knowingly threaten Jonathan Everett with imminent bodily injury by putting gasoline on said Jonathan Everett and chasing him with a lighter in an attempt to light him on fire, and did then and there use or exhibit a deadly weapon, namely a lighter during the commission of the assault.

The case was tried to a jury wherein seven witnesses testified, and thirty-eight exhibits were admitted. We summarize the relevant testimony and evidence below.

Deputy Cody Coulston from Aransas County Sheriff's Office (ACSO) testified that he was on duty for a night shift patrol on June 14, 2022. Deputy Coulston responded to a call and, upon arrival, encountered Jonathan Everett. Deputy Coulston observed that Everett's shirt "had a wet stain" that smelled like gasoline on it and his arm "was glistening like it was wet." Screenshots of Deputy Coulston's body camera were admitted as exhibits, corroborating his observations. Deputy Coulston also noted that the area around Everett's trailer was wet with a substance that also smelled like gasoline.

ACSO Deputy Brandon Garcia arrived to assist. Deputy Garcia testified that he observed Everett's shirt and right arm to be covered with a substance that smelled like gasoline and confirmed that the area around Everett's trailer was wet with a substance that smelled like gasoline. Deputy Garcia explained that after arresting appellant, he conducted a search of appellant's person and recovered an orange and black torch lighter from appellant's back right pocket. The lighter was admitted as an exhibit.

2

Everett testified that on June 14, he was changing the locks on a trailer that had been gifted to him by a friend when appellant "came around the front of the [trailer] and threw gasoline on [him] and told [him he] needed [to] get off the property." Everett stated that after appellant threw the gasoline on him, appellant "kept lighting a torch lighter" so Everett went inside the trailer. However, appellant "followed [Everett] inside and kept lighting the torch lighter and telling [Everett that he] needed to get out of there." According to Everett, appellant made gestures to ignite the gasoline on him while appellant was within arm's reach. Because Everett was concerned that the gasoline was going to be lit on fire, he "shooed the lighter away more than once." Sometime after law enforcement arrived, Everett complained that his skin was burning, so Deputies Coulston and Garcia called for medical assistance to examine Everett; however, Everett declined any transport to a hospital and the medical technicians just helped him clean the gasoline off his skin.

Following an off-the-record charge conference, the trial court reconvened the jury and read the jury charge. Appellant did not object to the charge as written. The jury charge included the definition of a deadly weapon, *id.* § 1.07(a)(17)(B), the elements of aggravated assault with a deadly weapon, *id.* § 22.02(a)(2), and all other requisites of a charge. The charge directed the jury as follows:

> Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that on or about the 14[th] day of June, 2022, in the County of Aransas, and State of Texas, as alleged in Count 1 of the indictment, [appellant], did then and there, intentionally or knowingly threaten [Everett] with imminent bodily injury by putting gasoline on said [Everett] and chasing him with a lighter in an attempt to light him on fire, and did then and there use or exhibit a deadly weapon, namely a lighter during the commission of the assault, you will find [appellant] "GUILTY" of "Aggravated Assault with a Deadly Weapon." If you do not so believe, or if you have a reasonable doubt thereof, then you will find [appellant] "NOT

3

GUILTY" of "Aggravated Assault with a Deadly Weapon."

The jury found appellant guilty. During the punishment phase, appellant pleaded "true" to two enhancement paragraphs, enhancing his punishment to twenty-five to ninety-nine years' imprisonment or imprisonment for life. *Id.* § 12.42(d). The jury sentenced appellant to life in prison. This appeal followed.

## II. STANDARD OF REVIEW

"The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 309 (1979) (citing *In re Winship*, 397 U.S. 358, 361 (1970)). When reviewing the sufficiency of the evidence, we "view[] the evidence in the light most favorable to the prosecution," to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319; *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (adopting the standard of review for a sufficiency challenge as set out by *Jackson*). When a reviewing court views the evidence in the light most favorable to the verdict, it "is required to defer to the jury's credibility and weight determinations because the jury is the **sole** judge of the witnesses' credibility and the weight to be given their testimony." *Brooks*, 323 S.W.3d at 899. "[A] factfinder may disbelieve some or all of a witness's testimony, even when that testimony is uncontradicted." *Hernandez v. State*, 161 S.W.3d 491, 501 (Tex. Crim. App. 2005).

"Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004)). Juries may "draw multiple reasonable inferences as long

as each inference is supported by the evidence presented at trial." *Id.* at 15. If the record supports conflicting inferences, we presume that the factfinder resolved the conflict in favor of the prosecution and defer to that resolution. *Garcia v. State*, 367 S.W.3d 683, 687 (Tex. Crim. App. 2012); *Brooks*, 323 S.W.3d at 899. "However, juries are not permitted to come to conclusions based on mere speculation or factually unsupported inferences or presumptions." *Hooper*, 214 S.W.3d at 15. "[A]n inference is a conclusion reached by considering other facts and deducing a logical consequence from them" while "[s]peculation is mere theorizing or guessing about the possible meaning of facts and evidence presented." *Id.* at 16.

Sufficiency of the evidence is measured against the elements of the criminal offense as defined by state law. *Fuller v. State*, 73 S.W.3d 250, 252–53 (Tex. Crim. App. 2002) (citing *Jackson*, 443 U.S. at 324 n.16). However, review of the "[s]ufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case." *Garcia*, 367 S.W.3d at 687 (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). A hypothetically correct jury charge "accurately sets out the law and adequately describes the offense for which the [appellant] was tried without increasing the State's burden of proof or restricting the State's theories of liability." *Hooper*, 214 S.W.3d at 14 (citing *Malik*, 953 S.W.2d at 240).

> Sometimes, a sufficiency-of-the-evidence issue turns upon the meaning of the statute under which the [appellant] is being prosecuted. In those situations, after viewing the evidence in the light most favorable to the verdict, we ask if certain conduct actually constitutes an offense under the statute, which is a question of law we review de novo.

*Flores v. State*, 620 S.W.3d 154, 158 (Tex. Crim. App. 2021) (cleaned up).

5

### III. APPLICABLE LAW

"A person commits [aggravated assault] if the person commits assault as defined in § 22.01 and the person uses or exhibits a deadly weapon during the commission of the assault." TEX. PENAL CODE ANN. § 22.02(a)(2). As relevant here, a person commits assault if he intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse. *Id.* § 22.01(a)(2). A deadly weapon is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B). "'Serious bodily injury' means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* § 1.07(a)(46).

When conducting a sufficiency of the evidence review to a deadly weapon finding, we engage in a two-step process. *Flores*, 620 S.W.3d at 158 (citing *McCain v. State*, 22 S.W.3d 497, 502–03 (Tex. Crim. App. 2000)). The first step is to determine whether the object could be a deadly weapon under the facts of the case. *Id.* "Generally speaking, the nature of the object itself does not limit whether that object may be a deadly weapon; rather, it is only the manner of the [appellant]'s use or intended use that provides any meaningful limitation to the broad statutory definition." *Id.* at 158–59 (cleaned up). The second step is to determine whether the object was "used or exhibited" during the commission of the offense. *McCain*, 22 S.W.3d at 503. Section 1.07(a)(17)(B) "does not require that the actor actually intend death or serious bodily injury; an object is a deadly weapon if the actor intends a use of the object in which it would be capable of causing

6

death or serious bodily injury." *Id.*

## IV. ANALYSIS

The evidence in this case is undisputed: appellant threw gasoline on Everett's body, demanded that Everett leave the property, then moved within arm's length of Everett's person with a lit torch lighter. Indeed, appellant does not argue that the evidence was insufficient to prove those facts; rather, appellant seems to argue that the lighter alone, as used under the present circumstances, does not constitute a deadly weapon.

As to the first inquiry of whether the lighter constitutes a deadly weapon, the facts of the case are such that if appellant was successful in using the lighter to ignite the gasoline on Everett's body, Everett could have suffered serious bodily injury. *See Flores*, 620 S.W.3d at 158; *Lozano v. State*, 860 S.W.2d 152, 156 (Tex. App.—Austin 1993, pet. ref'd) (upholding a finding that a lighter constituted a deadly weapon where appellant used it to start a house fire, killing four people); *see also Ellis v. State*, No. 2-02-416-CR, 2004 WL 177851, at *3 (Tex. App.—Fort Worth Jan. 29, 2004, pet. ref'd) (mem. op., not designated for publication) (affirming a deadly weapon finding where testimony showed appellant poured gasoline on complainant and threatened to ignite it with a cigarette lighter). Therefore, appellant's use of the lit torch lighter could be used as a deadly weapon under the facts here. *See Flores*, 620 S.W.3d at 158. The fact that the item described as a deadly weapon—lighter—would be used in conjunction with something else—gasoline—has no bearing on whether the item constitutes a deadly weapon; rather, appellant's threatened or intended use under the facts of the case is what makes an object

7

a deadly weapon.[1] *See id.* Accordingly, the first inquiry into whether the object used constitutes a deadly weapon is satisfied. *See id.*

As to the second inquiry, we consider whether appellant used or exhibited the lighter during the commission of the offense. *See McCain*, 22 S.W.3d at 503. Everett testified that appellant exhibited the lighter and ignited it while within arm's reach of him. *See id.*; *Brooks*, 323 S.W.3d at 899. Appellant argues that "[t]he evidence in this case proved that a lighter, without use in conjunction with gasoline, is not a deadly weapon" because "[n]othing was set on fire and [Everett's] injury came from the gasoline on his skin." However, § 22.02(a)(2) makes it an offense to use *or exhibit* a deadly weapon during the commission of an assault. *See* TEX. PENAL CODE ANN. § 22.02(a)(2); *McCain*, 22 S.W.3d at 503 (concluding a knife in appellant's pocket was a deadly weapon used or exhibited for the purposes of the offense where the knife was exposed such that complainant could see it). Thus, the jury could have inferred that appellant threatened or intended to use the lighter to ignite the gasoline on Everett. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (aggravated assault with a deadly weapon); *Hooper*, 214 S.W.3d at 15 (permitting juries to draw inferences). As such, the second inquiry is also satisfied.

Measuring the evidence against a hypothetically correct jury charge, we conclude

---

[1] To the extent appellant intends to argue that the indictment or jury charge contained error, those arguments are waived for inadequate briefing. *See* TEX. R. APP. P. 38.1(i); *Mosley v. State*, 666 S.W.3d 670, 679 (Tex. Crim. App. 2023) (declining to address arguments by appellant where they were inadequately briefed). Appellant specifically attacks the sufficiency of the evidence, including the standard of review for sufficiency but does not include any statutes, rules, or case law addressing either the indictment or the jury charge. *See Ukwuachu v. State*, 613 S.W.3d 149, 157 n.11 (Tex. Crim. App. 2020) ("[W]e are bound by our procedural rules to consider the complaint that was actually raised by [a]ppellant . . . ."); *Bohannan v. State*, 546 S.W.3d 166, 180 (Tex. Crim. App. 2017) ("It is incumbent upon [a]ppellant to cite specific legal authority and to provide legal arguments based upon that authority.").

the evidence was sufficient to support appellant's use of a deadly weapon. *See Malik*, 953 S.W.2d at 240. Appellant does not challenge the sufficiency of the evidence supporting any other element of the offense. *See* TEX. PENAL CODE ANN. § 22.02(a)(2). Accordingly, appellant's sole issue is overruled.

## V. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
6th day of July, 2023.